UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JONATHAN DIAZ<br><br>*Petitioner*,<br><br>v.<br><br>ROLLIN COOK, NICK RODRIGUEZ, NED LAMONT, CARLETON J. GILES<br><br>*Respondents*. | 3:20-CV-00653 (KAD)<br><br><br><br><br><br><br><br>May 29, 2020 |

**ORDER DISMISSING PETITION**

Kari A. Dooley, United States District Judge:

On May 11, 2020, the Petitioner Jonathan Diaz filed a Petition for Writ of Habeas Corpus in which he challenges his present incarceration as a violation of both the Eighth Amendment to the United States Constitution as well as the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12132. Although styled as a petition brought pursuant to 28 U.S.C. § 2241, the Court converted the Petition to one brought pursuant to 28 U.S.C. § 2254. *See Cook v. New York State Div. of Parole*, 321 F.3d 274, 278 (2d Cir. 2003).

Petitioner alleges, principally, that he has significant and serious mental health issues which render him particularly vulnerable to complications or even death if he contracts COVID-19; that the conditions of confinement occasioned by the pandemic seriously exacerbate his mental health conditions; and that his release from incarceration is the only mechanism to address the ongoing ADA violations and the unconstitutional conditions of confinement. The Court is certainly aware of the challenges posed by the current pandemic and the legitimate concerns of, in particular,

1

the incarcerated population. But the Court's decision does not turn on the specific nature of the Petitioner's allegations. It turns on a procedural issue.

The Respondents filed a motion to dismiss the Petition, in part, because the Petitioner did not first exhaust his state court remedies before seeking the intervention of the federal court, as is generally required under 28 U.S.C. § 2254(b)(1)(A). Petitioner responds that exhaustion should not be required because there was "no state forum available to hear Mr. Diaz's petition, rendering it impossible for him to seek relief from his continued confinement through the processes established by the State of Connecticut" when he filed his petition. (Pet. ¶ 76, ECF No. 1). The Petition was filed on May 11, 2020.

As this Court has determined today, exhaustion of state remedies, even in the present context of this pandemic, is required and not excusable by the Court. *See Hurdle v. Cook et al.*, No. 3:20-CV-00605 (KAD), Doc. No. 44 (D. Conn. May 29, 2020) (finding that petitioner, who filed his petition on May 2, 2020, was not excused from exhausting Connecticut state court remedies). Notably, the Petitioner in *Hurdle* was represented by one of the same attorneys who represents Petitioner Diaz. Attorneys from the Attorney General's office appeared for the respondents in *Hurdle* and are appearing herein on behalf of the respondents. The submissions to the Court in both cases on the issues of whether the State courts were available to the Petitioner at the time the Petition was filed and could effectively protect the Petitioner's rights overlap to a substantial degree. And although the instant Petition was filed nine (9) days after the *Hurdle* petition, this difference in timing does not alter the outcome of the analysis undertaken by the Court in *Hurdle*.

Accordingly, in order to expedite a ruling in this matter so the Petitioner can bring his claims in the Superior Court quickly,[1] the Court relies on the decision in *Hurdle,* and reaffirms its analysis as having equal application to the instant Petition.

The Petition is dismissed without prejudice to refiling should the Petitioner exhaust his state court remedies without obtaining the relief he seeks. The Clerk of the Court is directed to close this case. The Clerk is further directed to direct-assign any subsequently filed petition to the undersigned.

**SO ORDERED** at Bridgeport, Connecticut, this 29th day of May 2020.

*/s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE

---

[1] The issues, having already been fully briefed, can hopefully proceed to immediate hearing in the Superior Court upon the refiling of the briefs in that forum.